**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Randy Trayer | : | Case No.  3:13CV2581 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Ron Klopfenstein, et al. | : | **MAGISTRATE'S REPORT AND** |
| | : | **RECOMMENDATION** |
| Defendants. | : | |
| | : | |

## I. INTRODUCTION

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant 72.2(b) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES.  Pending is Defendants' Motion for Judgment on the Pleading (Docket No. 14), to which Plaintiff filed an Opposition and Amended Opposition (Docket No 21, 26), and Defendants filed a Reply (Docket No. 27).  For the reasons that follow the Magistrate Judge recommends that the Court grant the Motion for Judgment on the Pleadings.

## II. THE PARTIES

Plaintiff, Randy Trayer, a resident of Allen County, Ohio, was formally employed as a police officer for the Village of Elida, Ohio (Docket No. 12, pp. 2 of 7).

Defendant, Village of Elida, Ohio (hereinafter "the Village"), is a municipal corporation located within Allen County, Ohio (Docket No. 5, p. 2 of 7).

1

Defendant, Ron Klopfenstein (hereinafter "Klopfenstein") was the Mayor of the Village of Elida, Ohio, during the time relevant to this case and before his death which occurred December 23, 2013 (Docket No. 13, p. 2 of 7; Docket No. 8). Klopfenstein was sued as an individual and in his official capacity (Docket No. 12, p. 3 of 7).

Defendant, Jeremy Hollis (hereinafter "Hollis"), is sued by Plaintiff as an individual and in his official capacity as Chief of Police for the Village of Elida, Ohio (Docket No. 12, p 3 of 7).

Defendant, "unknown named conspirator" (hereinafter "unknown co-conspirator"), is also joined as a party to this litigation  (Docket No. 12).

### III. FACTUAL BACKGROUND

The underlying issues arise from Plaintiff's employment as a police officer for the Village and his termination from the position on or about August 19, 2013 (Docket No. 12, pp. 3 of 7; Docket No. 13, pp. 2 of 7). According to Plaintiff, he was hired by the Village to be a patrol officer on or about January 1, 2013, at a rate of pay of approximately $1200 a month (Docket No. 12, p. 3 of 7). The parties agree that Plaintiff was terminated by the Village on or about August 19, 2013, and that the reasons provided for the termination were that Plaintiff was unprofessional, disrespectful and unable to work within the police department's guidelines (Docket No. 12, p.3 of 7; Docket No. 13, p. 2 of 7). Plaintiff alleges that the stated reasons for his termination were false and pre-textual (Docket No. 12, p. 3 of 7). Plaintiff contends that "not long before" his termination, he pulled over and ticketed a friend of Klopfenstein's (an unknown co-conspirator) while the unknown co-conspirator and his six-year old son drove All Terrain Vehicles ("ATV") on a public street (Docket No. 12, p. 4 of 7). Plaintiff alleges that the unknown co-conspirator asked Klopfenstein to terminate Plaintiff in retaliation for issuance of

2

the ticket, which Plaintiff claims was a lawful discharge of his police duties and that Defendant Hollis later made an agreement with, or acquiesced in, Klopfenstein's decision to terminate Plaintiff to please the unknown co-conspirator (Docket No. 12, p. 5 of 7).  Plaintiff argues that such conduct between the Defendants amounted to a conspiracy to illegally obstruct and interfere with the lawful execution of his oath as a police officer to support and defend the laws of the United States (Docket No. 12, p. 5 of 7).

## IV. Procedural Background

Plaintiff, through his counsel, filed a Complaint on November 20, 2013 (Docket No. 1), and an Amended Complaint on January 23, 2014 (Docket No. 12).[1]  In his Amended Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1985, against Defendants Klopfenstein's Successor in Interest and Estate, Hollis, the Village, and an unknown conspirator (Docket No. 12, pp. 2-6 of 7).  Plaintiff alleges that Defendants conspired to obstruct and interfere with the lawful execution of his oath as a police officer, to support and defend the laws of Ohio and the United States (Docket No. 12, pp. 2; 4 of 7).  Plaintiff also alleges that he was terminated by the Village in violation of Ohio public policy and that Defendants Klopfenstein and Hollis engaged in conduct which was in breach of their respective oaths of office and outside the scope of their employment, which caused him a tortuous injury (Docket No. 12, p. 6 of 7).  Plaintiff seeks $300,000 in compensatory, punitive damages, attorney fees, and court costs (Docket No. 12, p. 6 of 7).

Defendants, through their counsel, filed an Answer to Plaintiff's Complaint on December

---

[1]

In Plaintiff's Amended Complaint, he notes that Defendant Klopfenstein has recently passed away and that the lawsuit proceeds against his personal estate (Docket No. 12, pp. 3 of 7).

23, 2013 (Docket No. 3).  On January 9, 2014, Defendants filed a Suggestion of Death, pursuant

to FED. R. CIV. P. 25(a), notifying the Court of Defendant Klopfenstein's death on Monday,

December 23, 2013 (Docket No. 8).  On January 24, 2014, Defendants filed their Answer to

Plaintiff's Amended Complaint (Docket No. 13), and a Motion for Judgment on the Pleadings

pursuant to FED. R. CIV. P. 12(c) (Docket No 14).  In their Motion for Judgment on the

Pleadings, Defendants argue that Plaintiff has failed to allege sufficient facts to establish a claim

under 42 U.S.C. § 1985, and because that claim is Plaintiff's only basis for federal jurisdiction,

the Court should not retain jurisdiction over the remaining state law claims (Docket No. 14, pp.

3-7 of 15).  Defendants also contend, alternatively, that the Plaintiff has failed to allege sufficient

facts to establish his remaining state law claims (Docket No. 14, pp. 11-15 of 15).

      Plaintiff filed his Opposition to Defendants' Combined Motion for Judgment on the

Pleadings on February 21, 2014 (Docket No. 21), and with leave of court (Docket No. 25),

Plaintiff filed his Amended Opposition to Defendant's Combined Motion for Judgment on the

Pleadings on March 4, 2014 (Docket No. 26).  Plaintiff argues that 42 U.S.C. § 1985(1) is

applicable to his case and contends that he held a position of trust under the United States as a

police officer because he took an oath to defend the laws of the United States (Docket No. 26, p.

3 of 12).  Next, Plaintiff contends that the Court should retain jurisdiction over the remaining

state law claims because the case is interesting, and the Court has expertise in dealing with

wrongful termination cases involving Ohio public policy (Docket No. 26, p. 5 of 12).  Plaintiff's

filing also includes a number of arguments in support of his various state law claims (Docket No.

26, pp. 5-11 of 12).

      On March 7, 2014, Defendants filed a Reply Memorandum in Support of their Motion for

4

Judgment on the Pleadings (Docket No. 27), arguing in relevant part, that 42 U.S.C. § 1985(1) only applies to federal officers (Docket No. 27, pp. 1-5 of 14).

## V. LEGAL STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 12(c), "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." *Cole v. EV Properties, L.P.*, 2013 WL 1633649, *1 (N.D. Ohio 2013). "The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.* (citing *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 511-12 (6th Cir. 2001)). In *Ass'n of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), the Sixth Circuit stated the standard for reviewing such a motion to dismiss as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Id.* (*citing Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955 (2007))[2]. The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (*citing Bell,* 127 S.Ct. at 1964–65) (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 78 S.Ct. 99, 101 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Id.* (*citing Twombly*, 127 S.Ct. at 1969).

---

[2]

In *Bell Atlantic Corporation v. Twombly*, the United States Supreme Court held that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, the plaintiff is obligated to provide more than labels, suspicions, conclusions or a list of elements of the cause of action. The plaintiff must provide factual allegations that give rise to relief above the speculative level so that even if recovery is remote, the well-pleaded complaint may proceed. *Id.* (*see* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235–36 (3rd ed. 2004)).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Id.* (citing *Columbia Natural Res., Inc.. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* (citing *Columbia*, 58 F. 3d at 1109). Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citing *Scheid v. Fanny Farmer Candy Shops, Incorporated*, 859 F.2d 434, 436 (6th Cir.1988) (quotations and emphasis omitted).

## VI. DISCUSSION

### A. CIVIL CONSPIRACY UNDER 42 U.S.C. § 1985(1)

Plaintiff asserts a claim under 42 U.S.C. § 1985(1), and alleges that Defendant Klopfenstein conspired with an unknown co-conspirator and Defendant Hollis to terminate him in retaliation for the execution of his lawful police duties under the laws of the State of Ohio and the United States (Docket No. 12, pp. 2-5 of 7).

The language in 42 U.S.C. § 1985(1) provides:

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

42 U.S.C. § 1985(1) (West 2014).  In support of their Motion for Judgment on the Pleadings,

Defendants cite an array of case law from around the country to argue that Plaintiff cannot bring

an action under § 1985(1) because he is not a federal officer (Docket No. 27, pp. 2-5 of 14).

Plaintiff disagrees and argues that the language of § 1985(1) also permits a cause of action for

state officers, but fails to cite any case law in support of his proposition (Docket No. 26, pp. 3-4

of 12).

      The undersigned Magistrate has extensively researched the case law and is unable to

locate a single case where a court has extended the protections of § 1985(1) to state officers or

interpreted the § 1985(1) in the manner Plaintiff proposes.  Of the courts that have addressed §

1985(1) claims, those courts have consistently held that "[o]n its face, § 1985(1) relates solely to

federal officers and federal office holders." *Smith v. City of Unadilla*, 510 F.Supp.2d 1335, 1347

(M.D. Ga. 2007)(quoting *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 718

(9th Cir. 1981); *see also Kush v. Rutledge*, 460 U.S. 719, 724-25 (1983)(holding section 1985(1)

relates to institutions and processes of the federal government-federal officers.); *Benningfield v.

City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998)("§ 1985(1) applies in cases of interference

with federal officials in the performance of their duties. . .§ 1985(1) is not applicable to state

officials."); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 682 n. 4 (11th Cir. 1995)("The first clause [of 42

U.S.C. § 1985] prescribes plots to interfere with the performance of official duties by a *federal

officer*.)(emphasis added);  *Moonin v. Nev.*, 960 F. Supp.2d 1130, 1143 (D. Nev. 2013)("Section

1985(1) prevents a conspiracy to interfere with 'any person . . . holding any office . . . under the

United States.'  'The clear import of this language is that the statute's protections extend

*exclusively* to the benefit of *federal officers*.'")(citation omitted and emphasis added); *Konopka*

*v. Borough of Wyo.*, 383 F.Supp.2d 666, 672 (M.D. Pa. 2005)("§ 1985(1) is applicable only where there is an alleged conspiracy to interfere with a *federal officer's* performance of his official duties.")(citing *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 423 n. 1 (3d Cir. 2003)(emphasis added); *Santiago v. City of Vineland*, 107 F.Supp.2d 512, 560 (D. N.J. 2000)("Quite clearly, [42 U.S.C. § 1985(1)] applies to *federal officers* and does not extend to municipal police officers.")(emphasis added); *Gipson v. Callahan*, 18 F.Supp.2d 662, 667 (W.D. Tex. 1997)("Title 42 U.S.C. § 1985(1) criminalizes conspiracies that attempt to prevent a *federal officer* from discharging his duties)(emphasis added).

Since Plaintiff does not allege and there are no facts to support an allegation that he is a federal officer, he fails to meet the material elements required to sustain an action under 42 U.S.C. § 1985(1).  Accordingly, the undersigned Magistrate recommends the Court grant the Defendants' Motion for Judgment on the Pleadings as to the claim under 42 U.S.C. § 1985(1).

### 1.    CLAIMS UNDER 42 U.S.C. § 1985(2)

In Plaintiff's most recent filing, he indicates that he wishes to pursue his claim under section 1985(1) (Docket No. 26, pp. 2-3 of 12).  Out of an abundance of caution, the undersigned addresses Plaintiff's claims under the remaining subsections of section 1985.  Section 1985(2) provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or

8

Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

42 U.S.C. 1985(2) (West 2014). Section 1985(2) has been interpreted to contain two clauses. In *Kush v. Rutledge*, 460 U.S. 719, 725 (1983), the Supreme Court noted that the first portion of § 1985(2) relates to federal judicial proceedings and the second part of section 1985(2) applies to conspiracies to obstruct the course of justice in state courts. *Kush*, 460 U.S. at 725. The second clause of section 1985(2), requires "the conspirators' actions be motived by an intent to deprive their victims of the equal protections of the laws. " *Id.* "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Id.* at 726 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971)).

Plaintiff does not allege any facts that involve intimidation of parties, witnesses, or jurors in any federal court proceeding. Plaintiff also fails to sufficiently allege an obstruction of the course of justice in state courts, motivated by racial or class based discriminatory animus depriving him of equal protection of the law as is required to sustain such an action. Therefore, Plaintiff has failed to state a claim under 42 U.S.C. § 1985(2).

## 2.    CLAIMS UNDER 42 U.S.C. § 1985(3)

The language of section 1985(3) provides:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of

9

> preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3) (West 2014).  Section 1985(3) is concerned only with conspiracies to deny equality of rights.  *Taylor v. Brighton Corporation*, 616 F. 2d 256, 266 (1980).

"An essential prerequisite for an action under § 1985(3) . . . is evidence that the defendant's conduct was motivated by racial or class-based discriminatory animus in violation of a plaintiff's right to equal protection under the law." *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir 1999).  "To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it." *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th cir. 2010)(citing *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000)).  In other words, there must be proof of 'some racial or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (citing *Bartell*, 215 F.3d at 559-60).

Since Plaintiff does not allege conduct motivated by racial or class based discrimination in violation of his rights to equal protection under the law, the Plaintiff fails to state a claim under 42 U.S.C. § 1983(3).

**B.**    **REMAINING CLAIMS**

Plaintiff's remaining state law claims consist of violations of Ohio public policy and an

interference with an employment opportunity (Docket No. 12, p. 6 of 7).  A district court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all the federal claims over which it has original jurisdiction. 28 U.S.C. § 1367(c) (West 2014).  The decision of the court to exercise supplemental jurisdiction over state law claims is left to the discretion of the trial court. *See Drake v. Richerson*, 948 F.Supp.2d 817, 826 (N.D. Ohio 2013). "As a general rule, if the claims over which a federal court has original jurisdiction are dismissed before trial, the state claims should be dismissed as well. *McGrath v. Beightler*, 2010 WL 3604104, *6 (N.D. Ohio 2010)(citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, the undersigned Magistrate recommends that this Court dismiss without prejudice Plaintiff's remaining state law claims should the Court adopt the undersigned Magistrate's recommendation concerning Plaintiff's only federal claim.

## VII. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends the Court grant Defendants' Motion for Judgment on the Pleadings concerning Plaintiff's 42 U.S.C. § 1985(1) claim and dismiss Plaintiff's remaining state law claims.

<u>/s/Vernelis K. Armstrong</u>

United States Magistrate Judge

Date: June 4, 2014

**V. NOTICE**

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR THE NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.