IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Randy Trayer,                                    Case No. 3:13 CV 2581

        Plaintiff,                          MEMORANDUM OPINION
                                                        AND ORDER
     -vs-
                                                        JUDGE JACK ZOUHARY

Ron Klopfenstein, etc., et al.,

        Defendants.

### INTRODUCTION

Plaintiff Randy Trayer filed a Complaint asserting claims pursuant to 42 U.S.C. § 1985 (Doc. 1) in connection with his termination as a police officer. Defendants, the Village of Elida, Ohio (the "Village"), Mayor Ron Klopfenstein ("Klopfenstein"), Chief of Police Jeremy Hollis ("Hollis"), and an "unknown named conspirator" filed a Motion for Judgment on the Pleadings (Doc. 14). Plaintiff opposed (Doc. 26), and Defendants replied (Doc. 27). The Magistrate Judge's Report and Recommendation ("R&R") recommends this Court grant Defendants' Motion and dismiss this case (Doc. 29). Plaintiff timely filed an Objection to the R&R (Doc. 30) to which Defendants responded (Doc. 31). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed *de novo* the recommendation of the Magistrate Judge. For the reasons stated below, the R&R is adopted; Defendants' Motion for Judgment is granted.

### BACKGROUND

The underlying issues in the case arise from the August 2013 termination of Plaintiff as a police officer for the Village. According to Plaintiff, he was hired by the Village on or about January 1, 2013 and worked as a police officer until his termination in August 2013. The reasons provided

by the Village for the termination were that Plaintiff was unprofessional, disrespectful, and unable to follow police department guidelines. Plaintiff alleges that the stated reasons are false and pre-textual; instead, his termination was retaliation for Plaintiff issuing a ticket to a friend of Mayor Klopfenstein -- the unknown co-conspirator. Plaintiff alleges that unknown co-conspirator solicited Klopfenstein to terminate Plaintiff.

Further, Plaintiff alleges that Police Chief Hollis made an agreement with, or knowingly acquiesced in, the conspiracy between Klopfenstein and the unknown co-conspirator. Plaintiff alleges that such conduct constitutes an unlawful conspiracy to terminate him in retaliation for the execution of his lawful duties as a police officer under 42 U.S.C. § 1985(1). Plaintiff also contends that, even in the event a Section 1985 claim is improper, this Court should retain jurisdiction over the remaining state law claims consisting of violations of Ohio public policy and interference with employment opportunities. The R&R concluded that Plaintiff was not a federal officer and therefore could not sustain an action under Section 1985(1). Plaintiff now objects, arguing that Section 1985(1) is not limited to federal officers and applies equally to state officials.

## DISCUSSION

The focus of Plaintiff's Objection is the R&R's interpretation and analysis of Section 1985(1). That Section provides that an individual may maintain an action for damages under the following circumstances:

> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence **under the United States**, or from discharging any duties thereof; or to induce by like means **any officer of the United States** to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to

> molest, interrupt, hinder, or impede him in the discharge of his official duties. . . .
> (Emphases added)

Despite well established case law holding that Section 1985(1) applies only to federal officers and does not extend to state law enforcement officers, Plaintiff argues that the language of Section 1985(1) allows a cause of action for state officers. Yet Plaintiff fails to cite a single supporting case (*see* Doc. 30). In his Objection, Plaintiff relies entirely on statutory interpretation, specifically the historical context in which Section 1985(1) was written, to assert that Section 1985(1) was intended to cover state officers (*id.*). Plaintiff asserts that state police officers, through their oath to uphold the Constitution of the United States, are considered "officer[s] of the United States" for purposes of Section 1985(1) (*id.*).

The overwhelming weight of authority holds that Section 1985(1) is not applicable when the plaintiff is not a federal officer. *See Dallas v. Holmes*, 137 F. App'x 746, 752 n.5 (6th Cir. 2005) (holding that Section 1985(1) prohibits interference with the official duties of federal officers); *Bennett v. Batchik*, 191 U.S. App. LEXIS 13685, at *20 (6th Cir. 1991) (holding that Section 1985(1) claims relate specifically to federal officers); *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) ("§ 1985(1) applies in cases of interference with federal officials in the performance of their duties. § 1985(1) is not applicable to state officials."); *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981) ("There is nothing in the language of the statute nor in the legislative history to support . . . that § 1985(1) does not apply exclusively to federal officers.").

3

Because Plaintiff is not a federal officer, he fails to meet the material element to pursue a claim under Section 1985(1). Accordingly, this Court adopts the R&R in full and grants Defendants' Motion for Judgment on the Pleadings as to the Section 1985(1) claim.

Having dismissed Plaintiff's only claim invoking this Court's federal question jurisdiction, this Court adopts the R&R and declines to exercise jurisdiction over Plaintiff's remaining state law claims. "[A] district court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all the federal claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The trial court has discretion when deciding whether to exercise supplemental jurisdiction over state law claims. *Drake v. Richerson*, 948 F. Supp. 2d 817, 826 (N.D. Ohio 2013). And, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). This case is in the early stages and there is no efficiency in keeping this case in federal court. The remaining state law claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, this Court overrules Plaintiff's Objection (Doc. 30) and adopts the Magistrate Judge's R&R (Doc. 29) in full, granting Defendants' Motion for Judgment on the Pleadings, and dismissing Plaintiff's remaining state law claims.

IT IS SO ORDERED.

             s/ *Jack Zouhary*
             JACK ZOUHARY
             U. S. DISTRICT JUDGE

July 16, 2014